■ In the Matter of TOWN OF MONROE et al., Petitioners, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which assessed a civil penalty against petitioners for failing to comply with various reporting provisions of the Public Health Law.

In the summer of 1983, petitioners Town and Village of Monroe operated a summer camp in Orange County and, through petitioner Monroe Joint Park Recreation Commission (Commission) which was funded by the town and village, operated a second camp. For that year, Public Health Law § 1399-j required the designated camp director to report within 24 hours to the Commissioner of Health or his designee all camp accidents or illnesses which resulted in death. During the same year, Public Health Law § 1399-h prescribed the information that was required to be filed in a disclosure statement by the operators of such summer camps. Although a disclosure statement was submitted to the Orange County Health Department for the Joint Town and Village of Monroe Youth Recreation Program in 1980, a notification letter of June 22, 1983, informing the town and village that they were required to submit disclosure statements "if they plan to operate a summer day camp or traveling summer day camp" and to notify the Orange County Department of Health within 24 hours of any camp accident resulting in death, failed to prompt a reply by the town and the Commission. The village responded that it did not believe the requirements of the letter were applicable since its program was a Youth Recreation Program.

Twenty days later on July 13, 1983, an infant in the camp operated directly by the town and village drowned during a regularly scheduled swimming program. This accident was not reported by the town or village. On February 3, 1984, respondent noticed a disciplinary hearing for failure of the town and village to comply with the relevant provisions of Public

Health Law § 1399-j. At a hearing held on June 5, 1984, it was determined that petitioners were all responsible, collectively and individually, respondent finding that a joint statement filed previously for 1980 indicated that petitioners knew of the requirements and failed to comply for 1983. Respondent, however, rejected the Administrative Law Judge's recommendation of a $100 fine and instead imposed a civil penalty of $3,000, jointly and severally, against all petitioners. In the circumstances, we do not find the penalty so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233-234), and therefore confirm respondent's determination.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.